**SMITH, ESTATE OF, In re**

Ohio Appeals, 2nd Dist, Franklin Co

No. 2928. Decided July 18, 1939

160

Carl Tresemer, Columbus, for Sarah E. Smith, appellant.

Connor & Nester, Columbus, for appellee.

**OPINION**

By GUERNSEY, J.

This is an appeal on questions of law, of Sarah E. Smith (life beneficiary of a trust created under the last will and testament of Thomas F. Smith, deceased), appellant, from a final order and decision of the Probate Court of Franklin County, journalized April 13, 1938, wherein and whereby Henry G. Binns as trustee of said Thomas F. Smith Trust was ordered and directed to pay to John A. Connor the sum of $4000 as and for attorney fees for legal services rendered by said Connor to David E. Mooney, predecessor trustee of said Thomas F. Smith Trust, in connection with an action brought on behalf of said trustee, by said John A. Connor as attorney, in the Probate Court of Franklin County against the Carrie F. Smith Estate, for the recovery of concealed assets of said trust estate.

While there are numerous assignments of error such assignments when considered in connection with the facts of the case, all relate to the weight of the evidence on the various issues presented in the case.

There is competent, credible, substantial evidence tending to prove that the claimant John A. Connor was employed by the trustee of said trust and in such employment did perform services beneficial to said trust of the reasonable value of the amount found due and ordered paid by the probate court. Opposed to this evidence there is evidence tending to prove that the benefits to the trust, which the above evidence tends to prove resulted from the services performed by Connor, resulted from the services of other lawyers in another action involving the same general subject matter, brought by the successor trustee of Mooney, and that the services performed by Connor were not of the reasonable value of the amount ordered paid him as aforesaid; and that Connor represented certain persons and interests adverse to the trust at the time said services were performed which would preclude him from claiming compensation from said trust for said services. Opposed to this latter evidence there is competent credible and substantial evidence that Connor did not at the time of the performance of such services for which compensation is claimed, represent any persons or interests adverse to said trust which would preclude him from claiming compensation for such services. And on the whole there is competent, credible and substantial evidence tending to prove every fact essential to sustain the finding and order appealed from.

There is a real conflict in the sense that reasonable men might honestly vary in their conclusions as to whether, on the whole record, the judgment rendered below is or is not supported by the evidence, and in this situation the judgment will not be disturbed by this court as a reviewing court. 2 O. Jur.,

The judgment will therefore be affirmed at costs of appellant.

HORNBECK, PJ. & BARNES, J., concur.